Stewart F. Hancock, Jr., J.
The motion of the third-party defendant, Eckerlin-Klepper-Hahn (hereinafter called Eckerlin), dismissing the third-party complaint as to it should be granted.
Plaintiff in the main action has sued the defendant, Villnave, for breach of a written construction contract under which Villnave agreed to build a restaurant. The Insurance Co. of North America is named a defendant because of its obligation under a performance guarantee. The complaint alleges that plaintiff was damaged by reason of the defendant Villnave’s failure to construct the building as required by the contract and, in particular, his failure to extend the footings a distance of one foot into virgin soil and to furnish certain materials as called for by the plans and specifications.
In the third-party complaint against Eckerlin, plaintiff’s engineering firm, which prepared the plans and .specifications, third-party plaintiffs seek a judgment over, in whole or in part, claiming that * ‘ the damages alleged to ¡have been the result of plaintiff’s [Villnave’s] workmanship were actually in whole, or in part, the result of defects in the plans and specifications prepared by the third party defendants.”
On analysis of the pleadings, this court discerns no legal theory under which Villnave can be held liable to the plaintiff because of a breach by the third-party defendant, Eckerlin, of some contractual or professional obligation owed by it to plaintiff. The damages plaintiff may recover .in the action against Villnave are only those resulting directly, naturally and proximately from the breach of the Villnave construction contract and could not include damages arising from a breach of Eckerlin’s contractual or professional obligation to plaintiff. If, as alleged in the specific denials in his answer and in his third-party complaint Villnave has performed in a workmanlike manner, in accordance with the specifications, he could not be liable to plaintiff at all — even though the building may be defective and the plaintiff damaged as a result of Eckerlin’s improper plans and .specifications. Since Eckerlin was hired by and responsible only to plaintiff and not Villnave, it is not suggested that Villnave could be vicariously liable to plaintiff on account of Eckerlin’s improper performance.
Thus, Villnave’s claim over may not rest on a common-law right of implied indemnity since he cannot, under any theory pleaded, be “compelled to pay for another’s wrong”. (Mar *207 golin v. New York Life Ins. Co., 32 N Y 2d 149; 28 N. Y. Jur., Indemnity, § 11.)
Nor can the claim over be sustained under the now famous decision of Dole v. Dow Chem. Co. (30 N Y 2d 143). Whether or not the apportionment of damages under the Dole doctrine is limited to cases involving joint tort-feasors,[1] or may also be applied, under some circumstances, in breach of contract actions, as contended by third-party plaintiffs, it seems evident that before there can be any apportionment of damages among wrongdoers it must be legally possible that they can be held jointly or severally liable to the plaintiff for the same damages. WTien the wrongful conduct of each has contributed in some degree to the damages, the rule is that those damages should be apportioned among the wrongdoers in proportion to their respective degree of fault. Here, the alleged wrongful conduct of Villnave and Eckerlin, although relating to the same building, would result, if established, in distinctly different and separable damages for which each must be held separately liable to plaintiff. There is no way that Villnave, who may be liable to plaintiff for breach of his construction contract, and Eckerlin, who may be responsible .to plaintiff for breach of his contract or for malpractice or negligence because of the faulty plans and specifications, can be held jointly or severally responsible for the same damages. Thus, since neither could be legally compelled to pay damages caused in whole or in part through the fault of the other, there can be no basis for applying the Dole apportionment rule here.
The motion is .granted.

 Margolin v. New York Life Ins. Co. (32 N Y 2d 149, 153, n. 1, supra)) see also Rogers v. Dorchester Assoc. (32 N Y 2d 553, 564), wherein the court stated: “ The rule of apportionment in the Dole ease (30 N Y 2d 143, supra) was not intended to and should not he read to vary the substantive duties, as distinguished from the scope of liability for damages and their apportionment, among tort-feasors who are jointly and severally liable whether by virtue of respondeat superior, imputed negligence, or concurrent fault. The rule of apportionment applies when two or more tort-feasors have shared, albeit hi various degrees, in the responsibility by their conduct or omissions in causing an accident, in violation of the duties they respectively owed to the injured person.”