■ LILA FERRARI et al., Appellants, v BARLEO HOMES, INC., et al., Respondents.—In an action to recover actual and punitive damages for breach of a construction contract, breach of express and implied warranties, and fraudulent inducement to enter into the contract, and for an award of attorney's fees, plaintiffs appeal from so much of a judgment of the Supreme Court, Orange County (Ritter, J.), dated January 23, 1984, as, after a nonjury trial, dismissed their complaint in the entirety against the individual defendant, dismissed their fourth and fifth causes of action against the corporate defendant, awarded them only the sum of $7,650 on their remaining causes of action against the corporate defendant, and denied statutory costs and disbursements.

Judgment affirmed insofar as appealed from, with costs.

After reviewing the record, we find that there was ample evidence to support the findings of fact made by the trial court. The testimony of defendant's expert witness, to whom the court apparently attributed a high degree of credibility, was internally consistent and, contrary to the plaintiffs' contention, certainly cannot be held to be incredible as a matter of law.

Neither do we find that the court erroneously concluded that plaintiffs were responsible for the drafting of the roof design. It was not disputed that the roof was constructed according to the plans and specifications provided by the draftsman. We find the draftsman was hired by plaintiffs and, therefore, that the defendants cannot be held responsible for the damages which ensued as a result of the defective design (see, MacKnight Flintic Stone Co. v Mayor of City of N. Y., 160 NY 72).

Furthermore, under the particular circumstances of this case, we cannot say that the trial court applied the wrong

measure of damages by awarding plaintiffs the difference in value between the contract materials and the substituted materials actually utilized. The variance between the two was not so significant as to render the floors partially unusable or unsafe (*see, Bellizzi v Huntley Estates,* 3 NY2d 112). There was ample testimony, apparently credited by the trial court, that the small difference in the thickness of the floors created by the substitution, was not noticeable. We find that under the facts here presented, it would be unfair and out of proportion to the good to be attained, to permit plaintiffs to recover the replacement value of the floor, rather than the difference of value of the materials used (*see, Jacob & Youngs v Kent,* 230 NY 239).

The other contentions raised by plaintiffs have been examined and have been found to be without merit, for the reasons stated in the memorandum decision of Justice Ritter. Thompson, J. P., Weinstein, Brown and Kunzeman, JJ., concur.