■ INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant-Respondent, v GACO WESTERN, INC., Respondent-Appellant, WIEDERSUM ASSOCIATES, P. C., Respondent, et al., Defendant. (Action No. 1.) INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant-Respondent, v WIEDERSUM ASSOCIATES, P. C., Respondent, and GACO WESTERN, INC., Respondent-Appellant. (Action No. 2.) [645 NYS2d 522] —In two related actions to recover damages, *inter alia,* for breach of contract and negligence, which were joined by the Supreme Court for purposes of pretrial proceedings, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated March 24, 1995, as denied its motion for partial summary judgment and for leave to amend its complaints insofar as asserted against the defendant Wiedersum Associates, P. C. The defendant Gaco Western, Inc., cross-appeals from so much of the same order as denied its motion for summary judgment

dismissing the complaints and all cross claims insofar as asserted against it.

Ordered that the order is modified by (1) deleting the provision thereof which denied the branches of the motions of the defendant Gaco Western, Inc. which were for summary judgment dismissing the complaints insofar as they asserted causes of action on behalf of the plaintiff as assignee/subrogor of various subcontractors and substituting therefor a provision granting those branches of the motions, (2) deleting the provision thereof which denied the branches of the motions of the defendant Gaco Western, Inc. which were for summary judgment dismissing the complaints insofar as they asserted causes of action on behalf of the plaintiff as assignee/subrogor of the school districts as third-party beneficiaries under certain agreements between Jervin Construction Company and Gaco Western, Inc., and substituting therefor a provision granting those branches of the motions and (3) deleting the provision thereof which denied the branch of the plaintiff's motion which was for leave to amend its complaints as against the defendant Wiedersum Associates, P. C. and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The two cases at bar, which were joined by the Supreme Court for purposes of pretrial proceedings, arise from the alleged breach of three contracts for roofing projects in Suffolk County.

In 1984, the defendant Wiedersum Associates, P. C. (hereinafter Wiedersum) was hired by the East Islip Union Free School District to provide architectural and engineering services concerning a contract for the re-roofing of several schools. Prior to preparation of the roofing specifications, Wiedersum consulted with Jim Freemesser, a representative of the defendant Gaco Western, Inc. (hereinafter Gaco). Gaco is a corporation engaged in the manufacture of roofing materials. Freemesser met with members of Wiedersum and provided them with catalogs and a seminar on Gaco products. Further, Freemesser provided Wiedersum with an outline of the inspections Gaco would undertake to ensure that the roofing materials would be applied properly and that a warranty on the work would issue. Wiedersum thereafter prepared the roofing specifications incorporating in substantial part the model specifications provided by Gaco. Further, the specifications designated Gaco's product as an acceptable roofing material and required that "[t]he Roofing System shall be installed by a factory ap-

proved, certified contractor under the continuous supervision of a trained representative of the materials formulator". Wiedersum was thereafter hired in 1985 by the Wantagh Union Free School District and, in 1987, by the Connetquot School District to provide similar services. The roofing specifications drafted by Wiedersum in each case were substantially similar to the specifications drafted for East Islip. (The three school systems will hereinafter be referred to collectively as the districts.)

On August 12, 1985, Jervin Construction Company (hereinafter Jervin) was approved as "an authorized applicator" of Gaco products. An agreement between Gaco and Jervin required Jervin to use Gaco products, to apply them in accordance with Gaco's specifications, and to designate a foreman to supervise application of the products. Gaco in turn agreed to sell Jervin Gaco materials at contractor's prices, "recognize" Jervin as an "approved applicator", and "so advise prospective customers". Further, Gaco agreed to "supply training assistance to ensure that your specialist is well qualified to apply our materials". Gaco renewed Jervin's approved applicator status for 1986 and 1987. In addition, Gaco supplied Jervin with a statement of policy concerning the method for securing a warranty for the completed roofs. Such a warranty was required by the contracts at issue. Pursuant to the statement of policy, Gaco would inspect the premises at least three times: prior to, during, and at the completion of an installation. If the installation was properly accomplished, a warranty would issue upon payment of a fee.

Jervin was the lowest qualified bidder and was awarded each of the three roofing contracts with the districts. Pursuant to the contracts, Jervin obtained performance, materials, and labor bonds from the plaintiff herein, International Fidelity Insurance Company (hereinafter IFIC). Ultimately, Jervin defaulted on all three contracts with the districts. Accordingly, IFIC was called upon to perform and eventually settled all claims arising from Jervin's breach. In the two actions at bar, IFIC, as assignee/subrogor of the claims of Jervin, the districts, and certain subcontractors on the projects, commenced suit against, *inter alia,* Gaco and Wiedersum. Action No. 1 was commenced by IFIC as assignee/subrogor of Wantagh and Connetquot. Action No. 2 was commenced by IFIC as assignee/subrogor of East Islip. In both actions, Gaco moved for summary judgment dismissing all cause of action asserted against it. IFIC cross-moved for summary judgment on a cause of action based on a warranty issued by Gaco for a roof installed in

East Islip and for leave to amend its complaints insofar as asserted as against Wiedersum.

A person charged with performing work under a contract must exercise reasonable skill and care in performing the work and negligent performance of the work may give rise to actions in tort and for breach of contract (see, Milau Assocs. v North Ave. Dev. Corp., 42 NY2d 482; Trans Caribbean Airways v Lockheed Aircraft Serv.-Intl., 14 AD2d 749). Here, there are questions of fact as to whether Gaco failed to perform or negligently performed its contractual obligation to Jervin, inter alia, to provide training assistance and supervision. Whether or not Jervin was also in breach of its agreement with Gaco merely presents an additional question of fact for trial and does not warrant dismissal of the complaint (see, Servidori v Mahoney, 129 AD2d 944). Accordingly, Gaco's motions for summary judgment, insofar as it sought dismissal of IFIC's causes of action for breach of contract and in tort for negligent performance of contract as assignee/subrogor of Jervin, was properly denied.

However, IFIC has failed to raise a triable issue of fact as to whether the districts were intended third-party beneficiaries of the agreements between Gaco and Jervin (see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38; Strauss v Belle Realty Co., 98 AD2d 424, 426-427, affd 65 NY2d 399). Accordingly, Gaco's motion for summary judgment, insofar as it sought dismissal of IFIC's causes of action for breach of contract and in tort for negligent performance of contract as assignee/subrogor of the districts, should have been granted.

A question of fact is presented as to whether Gaco, by its words and deeds, orally agreed to be bound by the specifications in the roofing contracts in return for Jervin's agreement to use Gaco products (see, Carlin Constr. Co. v Whiffen Elec. Co., 66 AD2d 684). Not only was Gaco apparently actively involved in the drafting of the contract specifications, as is evidenced by, among other things, the terms of the contracts themselves, but also, Gaco had a continuing connection to the projects including, among other things inspection of various roof installations, the preparation of so-called "punch lists" of required repairs, and, in one case, the issuance of a warranty on a roof installed in East Islip. Allegations that the Gaco products provided were, inter alia, defective and, in any case, unsuitable for use on Long Island, raise triable issues of fact as to whether such a duty, if it existed, was breached. Contrary to Gaco's assertions on appeal, the Statute of Frauds would not be a bar to such a cause of action because each of the contracts at issue was to be performed within one year. Accordingly, Ga-

co's motion for summary judgment, insofar as it sought dismissal of all IFIC's claims for breach of the roofing contracts as assignee/subrogor of the districts, was properly denied.

Further, questions of fact exist as to whether representations made by Gaco regarding the quality of its products and the ease of their use amounted to express warranties under the circumstances of this case *(see, Berton Plastics v Chemung Fiberglass Prods.,* 96 AD2d 665; *Nabisco Brands v General Restoration Co.,* 679 F Supp 264). Questions of fact also exist as to whether Gaco breached implied warranties of merchantability and fitness for use *(see,* UCC 2-314 and 2-315). Whether or not the disclaimers by Gaco on its product invoices and shipping containers are to be given effect and provide a valid defense to all or part of IFIC's warranty claims are issues of fact to be determined at trial *(see, Carbo Indus. v Becker Chevrolet,* 112 AD2d 336; *Pay Tel Sys. v Seiscor Technologies,* 850 F Supp 276; *Thermo King Corp. v Strick Corp.,* 467 F Supp 75, *affd* 609 F2d 503).

IFIC has also raised a triable issue of fact as to whether Gaco may be held liable for negligent misrepresentation by authorizing Jervin as and representing it to be a qualified applicator of Gaco products without adequate investigation into Jervin's qualifications, knowing that the districts would rely on such representations in hiring Jervin *(see, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377; *Ossining Union Free School Dist. v Anderson Larocca Anderson,* 73 NY2d 417; *Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536).

Further, a question of fact is present as to whether Gaco assumed a duty to supervise and inspect the installation of the roofs and then breached that duty by performing it in a negligent manner *(see, Gordon v Muchnick,* 180 AD2d 715; *Kaplan v Dart Towing,* 159 AD2d 610).

However, the court should have granted Gaco's motion for summary judgment as it concerned all of IFIC's causes of action asserted as assignee/subrogor of the various subcontractors. IFIC has failed to raise a triable question of fact that any of the theories of recovery it has pleaded are applicable to such subcontractors.

Finally, the court improvidently exercised its discretion in denying IFIC leave to amend its complaint as against Wiedersum. Wiedersum has demonstrated neither prejudice nor surprise as a result of the proposed amendments and none of the amendments so clearly lack merit as to be wasteful of judicial resources *(see, McCaskey, Davies & Assocs. v New York*

*City Health & Hosps. Corp.,* 59 NY2d 755; *McKiernan v McKiernan,* 207 AD2d 825).

We find no merit to the parties' remaining contentions. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.