■ LARCHMONT NURSERIES, INC., Appellant, v JOHN DALY, Respondent. [827 NYS2d 56]—

In an action to recover damages for breach of contract, in which the defendant counterclaimed, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Friedman, J.H.O.), entered February 22, 2005, which, after a nonjury trial, and upon a decision of the same court dated October 25, 2004, is in favor of the defendant on the counterclaim and against it in the principal sum of $258,676.83.

Ordered that the judgment is reversed, on the law, with costs, the counterclaim is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an amended judgment in favor of the plaintiff and against the defendant in the principal sum of $49,390.17, plus statutory interest from September 30, 2000.

The defendant retained the plaintiff to perform landscaping services with respect to his residential property, including the application of substantial soil to level the defendant's yard. The Supreme Court found, as a matter of fact, that the plaintiff repeatedly warned the defendant that adverse consequences to numerous trees would ensue if the trees' roots were covered with soil in order to create the level yard that the defendant desired. Despite these warnings, the defendant directed that the tree roots be covered. The plaintiff did as the defendant directed, and the trees died.

The plaintiff commenced this action to recover the balance of the agreed-upon fee for its landscaping services, which the defendant refused to pay. The defendant counterclaimed for the damage to his trees. The Supreme Court determined that the plaintiff was entitled to the payment of its fee, but, based upon its finding that the plaintiff was 85% at fault in causing the damage to the defendant's trees, awarded the defendant substantial damages on his counterclaim. Reducing the damages award to the defendant by, among other things, the plaintiff's fee and the defendant's proportionate share of negligence, the Supreme Court awarded the defendant the principal sum of $258,676.83. The plaintiff appeals; the defendant appealed from the award in favor of the plaintiff, but has

since withdrawn his appeal. We modify, and dismiss the counterclaim.

"A person charged with performing work under a contract must exercise reasonable skill and care in performing the work and negligent performance of the work may give rise to actions in tort and for breach of contract" (*International Fid. Ins. Co. v Gaco W.*, 229 AD2d 471, 474 [1996]). Nevertheless, where a landscaper warns a customer to avoid certain actions that will be detrimental to flora and vegetation, but the customer ignores the warning to his detriment, the landscaper is entitled to recover the contractually-agreed fee for its work, or the fair value thereof (*see Mirabelli v City of New York*, 262 App Div 60 [1941]). Moreover, when a contractor performs its obligations in a workmanlike manner according to the plans and specifications agreed to by the owner, the contractor is not liable for damage that may result (*see Carrols Equities Corp. v Villnave*, 76 Misc 2d 205 [1973]).

Here, the plaintiff warned the defendant that his plans for accomplishing the desired result would likely cause damage to property, but the defendant nevertheless directed that the plaintiff proceed against its own advice. The plaintiff cannot be charged with breach of contract or negligence for complying, under protest, with the defendant's direction to perform the act that caused the damages. The defendant received what he bargained for, despite the allegations of defective work (*see Pilgrim Homes & Garages v Fiore*, 75 AD2d 846 [1980]) and, by his own act of directing the plaintiff's conduct, severed any causal connection between the plaintiff's alleged negligence and the damage to his property (*see generally Dailey v Major Pool Equip. Corp.*, 30 NY2d 846, 848 [1972]; *McLaughlin v Mine Safety Appliances Co.*, 11 NY2d 62, 68-71 [1962]; *Miecznikowski v Robida*, 278 AD2d 793, 794 [2000]). Accordingly, there was no basis upon which the plaintiff could be held liable. In light of our determination, we do not reach the plaintiff's remaining contention.

Motion by the appellant on an appeal from a judgment of the Supreme Court, Westchester County, entered February 22, 2005, inter alia, to impose a sanction against the defendant's attorney pursuant to 22 NYCRR 130-1.1, and, in effect, to direct the defendant to pay one-half the cost of the joint record pursuant to 22 NYCRR 670.8 (c) (1). By decision and order on motion of this Court dated February 9, 2006, the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers

filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.