■ MARTIN BANDIER, Appellant, v TIM BLENK TREE CARE, INC., Respondent. [869 NYS2d 215]—

The plaintiff owns an estate in Southampton which is bordered by tall privet hedges and round privet bushes. In February 2004 the defendant entered into a plant management contract to maintain the plaintiff's estate. Under the terms of the contract, the defendant was required to have a trained diagnostician periodically visit the plaintiff's estate in order to inspect trees and shrubs for insect and disease activity, treat controllable insect and disease problems, and make recommendations for additional services that might increase the vigor of the plants. During the summer of 2004, while the contract was in effect, the plaintiff's privet hedges and bushes suffered from an infestation of prunicola scale, an insect which pierces the leaves or stems of plants and sucks out their juices. Other

properties in Southampton also suffered from an unprecedented level of scale infestation in the summer of 2004, prompting the local horticultural community to develop new strategies and techniques to control the pest. The plaintiff alleges that the scale infestation caused such extensive damage to his privet hedges and bushes that many of them had to be replaced.

The plaintiff subsequently commenced this action alleging that the defendant had breached the plant management contract by failing to adequately monitor the privet hedges and bushes on his property and treat them for scale infestation. The plaintiff also sought damages on the theory that the defendant had negligently caused the scale infestation by heavily spraying the property to treat another type of insect infestation. After depositions were conducted, the defendant moved for summary judgment, contending that it properly diagnosed the scale outbreak on the plaintiff's property and treated it in accordance with prevailing horticultural industry standards. In support of the motion, the defendant submitted an expert affidavit from a consulting arborist who concluded, inter alia, that neither the defendant's maintenance practices nor its use of pesticides directly or indirectly damaged the plaintiff's hedges and bushes. In opposition to the motion, the plaintiff contended that the defendant had failed to detect the scale outbreak at a point when it could have been effectively treated, and exacerbated the problem by spraying for another insect which was a natural predator of scale. The Supreme Court granted the defendant's motion, and we affirm.

"A person charged with performing work under a contract must exercise reasonable skill and care in performing the work and negligent performance of the work may give rise to actions in tort and for breach of contract" (*International Fid. Ins. Co. v Gaco W.*, 229 AD2d 471, 474 [1996]; *see Larchmont Nurseries, Inc. v Daly,* 33 AD3d 872, 874 [2006]). Here, the defendant made a prima facie showing that it could not be held liable on theories of breach of contract or negligence by submitting evidentiary proof that it provided the horticultural services required by the subject contract, and that it performed these services with reasonable care and competence in accordance with accepted protocol employed by professionals in the horticultural field (*see Milau Assoc. v North Ave. Dev. Corp.,* 42 NY2d 482, 486 [1977]). The defendant's evidentiary submissions demonstrated that its use of pesticides did not cause or exacerbate the scale problem on the plaintiff's property, that it utilized all conventional methods known in the summer of 2004 to control the scale outbreak, that other professionals used the

same methods, and that the same scale control methods were used on the plaintiff's property the following summer by the company hired to replace it. In opposition to the motion, the plaintiff failed to come forward with evidentiary proof to support his claims that the defendant negligently caused or exacerbated the scale problem by its use of pesticides, or that scale infestation was apparent in the spring of 2004, and industry protocol as it then existed required scale to be treated in the spring when the insects were at their nymph stage. Mastro, J.P., Rivera, Fisher and Eng, JJ., concur. [*See* 2007 NY Slip Op 32341(U).]