Borghese v Redard (2024 NY Slip Op 01791)

Borghese v Redard

2024 NY Slip Op 01791

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-05692
 (Index No. 59001/19)

[*1]Paul Borghese, appellant, 
v
Michael S. Redard, etc., respondent.

Charles R. Sabel, Rye, NY (Michael Saks of counsel), for appellant.
Goldberg, Miller & Rubin, P.C., New York, NY (Warren Holland of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated June 24, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he alleged he sustained when he slipped on ice while walking on a concrete walkway at the rear of his house. The plaintiff alleged, inter alia, that the ice on the walkway was created by the defendant's negligent installation of gutters and downspouts for the house, which had allowed water to accumulate and freeze on the walkway. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion in an order dated June 24, 2022. The plaintiff appeals. We affirm, albeit on grounds different than those relied upon by the Supreme Court.
"The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty proximately caused injury to the plaintiff" (Merchants Mut. Ins. Co. v Quality Signs of Middletown, 110 AD3d 1042, 1043; see Pulka v Edelman, 40 NY2d 781, 782). The existence and scope of a duty is a question of law for determination by a court (see Di Ponzio v Riordan, 89 NY2d 578, 583; Bockstruck v Town of Islip, 219 AD3d 439, 441).
A defendant "may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations, or when it has engaged in tortious conduct separate and apart from its failure to fulfill its contractual obligations" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 316; see Board of Mgrs. of Brightwater Towers Condominium v FirstService Residential N.Y., Inc., 193 AD3d 672, 674). Thus, a defendant's "legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389; see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 808).
Contrary to the determination of the Supreme Court, the defendant owed the plaintiff a duty of care stemming from the defendant's obligations under a contract with the plaintiff to install the plaintiff's gutters and downspouts with "reasonable skill and care" (Bandier v Tim Blenk Tree Care, Inc., 57 AD3d 595, 596; see International Fid. Ins. Co. v Gaco W., 229 AD2d 471, 474). Nonetheless, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint by showing that he did not breach the duty of care that he owed to the plaintiff. The defendant demonstrated that he performed the services delineated in the contract with reasonable care and that the plaintiff was satisfied with the performed work. Upon satisfying his obligations under the contract, the defendant had no continuing duty to maintain the plaintiff's property (see Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 794; Moore v City of Yonkers, 92 AD3d 738, 739-740).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the opinion of the plaintiff's expert in his affidavit that the defendant negligently installed the downspout was speculative, and therefore, did not raise a triable issue of fact (see Sasso v Village of Bronxville, 208 AD3d 910, 911-912; Kelly v Mall at Smith Haven, LLC, 148 AD3d at 794).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., WOOTEN, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court