■ SARA KAPLAN, Respondent, v GREAT NECK DONUTS, INC., Appellant, and SUI YING WAT, Also Known as SUSIE WAT, Respondent. [892 NYS2d 425]—

While exiting a Dunkin' Donuts restaurant which was operated by the appellant, on premises leased from the defendant Sui Ying Wat, also known as Susie Wat, the plaintiff tripped and fell as she traversed a brick step. After joinder of issue, the appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The appellant established its prima facie entitlement to judgment as a matter of law by demonstrating, through the submission of the plaintiff's deposition testimony, that she was unable to identify the cause of her fall (*see Denicola v Costello*, 44 AD3d 990 [2007]; *Rodriguez v Cafaro*, 17 AD3d 658 [2005]). Notably, at her deposition, the plaintiff testified that, immediately prior to the accident, she was looking straight ahead. In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit submitted by the plaintiff in opposition to the motion merely raised a feigned issue designed to avoid the consequences of her earlier deposition testimony (*see Denicola v Costello*, 44 AD3d at 990). The plaintiff also submitted an affidavit of an expert who alleged that the step in question was in violation of various provisions of the New York State Uniform Fire Prevention and Building Code. However, since the plaintiff did not know what caused her to fall and did not claim, inter alia, that she would not have fallen, but for the elevation differential she encountered after exiting the appellant's store, it would be speculative to assume that these alleged violations proximately caused her fall (*id.*). Therefore, the Supreme Court should have granted the appellant's motion.

Wat separately moved, on the same ground as the appellant, for summary judgment dismissing the complaint insofar as asserted against her. Although Wat's separate motion was denied, she, unlike the appellant, did not appeal from so much of the

order as was adverse to her. Nonetheless, this Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (*see Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d 712, 714 [2009]). Upon searching the record, summary judgment should be awarded to Wat dismissing the complaint insofar as asserted against her on the ground that the plaintiff could not identify the cause of her fall (*see* CPLR 3212 [b]). Rivera, J.P., Dillon, Miller and Roman, JJ., concur.