■ CYNTHIA PETRY et al., Respondents, v HUDSON VALLEY PAVEMENT, INC., et al., Appellants. [912 NYS2d 616]—

In an action to recover damages for personal injuries, etc., the defendants separately appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated October 7, 2009,

which denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying the motions of the defendants Ben Ciccone, Inc., and Pizzagalli Construction Company for summary judgment dismissing the complaint insofar as asserted against each of them and substituting therefor provisions granting those motions; as so modified, the order is affirmed, with one bill of costs payable by the plaintiffs to the defendants Ben Ciccone, Inc., and Pizzagalli Construction Company, and one bill of costs payable by the defendant Hudson Valley Pavement, Inc., to the plaintiffs.

This action arises from an accident that occurred on November 8, 2004, when the injured plaintiff allegedly tripped and fell over a nail that was protruding out of the asphalt surface of a parking lot owned by her employer. The defendant Hudson Valley Pavement, Inc. (hereinafter Hudson Valley), under contract with either the defendant Ben Ciccone, Inc. (hereinafter Ciccone), or the defendant Pizzagalli Construction Company (hereinafter Pizzagalli), performed work in the parking lot on November 5, 2004, which involved driving nails into the parking lot surface. Ciccone also performed work in the parking lot on November 5, 2004.

The injured plaintiff and her husband, suing derivatively, commenced this action. The Supreme Court denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Generally, a contractual obligation standing alone will not give rise to tort liability in favor of a third party (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, such liability may be assigned where, inter alia, a contracting party "negligently creates or exacerbates a dangerous condition" or "has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 140-142).

Here, Ciccone and Pizzagalli established their prima facie entitlement to judgment as a matter of law by demonstrating, among other things, that they owed no duty directly to the injured plaintiff, and that they did not create or exacerbate the allegedly dangerous condition on the parking lot (see *Espinal v Melville Snow Contrs.*, 98 NY2d at 140). In opposition, the plaintiffs failed to raise a triable issue of fact. The mere fact that Ciccone performed work at the parking lot prior to the subject accident, where such work did not involve driving nails into the pavement, was insufficient to raise a triable issue of

fact as to whether Ciccone created the allegedly dangerous condition. Furthermore, contrary to the plaintiffs' contention, they failed to raise a triable issue of fact as to whether Pizzagalli or Ciccone entirely displaced the property owner's duty to maintain the premises in a reasonably safe condition.

However, Hudson Valley failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. Although Hudson Valley demonstrated, prima facie, that it owed no duty directly to the injured plaintiff, Hudson Valley failed to demonstrate that it did not negligently create or exacerbate a dangerous condition, thus launching an instrumentality of harm (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 142; *Keese v Imperial Gardens Assoc., LLC*, 36 AD3d 666, 668 [2007]). Moreover, Hudson Valley failed to eliminate all triable issues of fact as to whether its conduct was a proximate cause of the subject accident. Since Hudson Valley did not tender "sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), it failed to meet its prima facie burden and, thus, it is not necessary to consider the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied Hudson Valley's motion for summary judgment dismissing the complaint insofar as asserted against it, but erred in denying the motions of Ciccone and Pizzagalli for summary judgment dismissing the complaint insofar as asserted against each of them. Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.