█ EZRA RAJWAN, Respondent, v 109-23 OWNERS CORPORATION, Appellant-Respondent, and COMMERCIAL MAINTENANCE CORPORATION, Respondent-Appellant. [919 NYS2d 385]—

The plaintiff allegedly was injured when he slipped and fell while attempting to descend an interior staircase in a building owned by the defendant 109-23 Owners Corporation (hereinafter 109-23 Owners). At his deposition, the plaintiff was asked if he slipped because the step was slippery or because of a crack in the step. The plaintiff responded, "I really wouldn't know to tell you. I just put my foot forward and stepped on something and I flew in the air. So, I don't recall seeing or feeling anything." When the plaintiff was asked whether his right foot ever touched the second step, he replied, "I don't know exactly. I don't recall what happened. I think it did. I don't know." 109-23 Owners moved, and the defendant Commercial Building Maintenance Corporation, which provided janitorial services in the building (hereinafter together the defendants), cross- moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion and the cross motion. We reverse.

"In a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*Patrick v Costco Wholesale Corp.*, 77 AD3d 810, 810 [2010]; *see Boudreau-Grillo v Ramirez*, 74 AD3d 1265, 1267 [2010]; *Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff's deposition testimony, which demonstrated that the plaintiff could not identify the cause of his fall (*see Patrick v Costco Wholesale Corp.*, 77 AD3d at 810; *Scott v Rochdale Vil., Inc.*, 65 AD3d 621

[2009]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]).

In opposition, the plaintiff failed to raise a triable issue of fact as to the cause of the accident. "Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation" *(Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 478 [2001]; *see Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d at 435). Although the engineer's report alleged that unsafe conditions in the staircase where the plaintiff fell violated various provisions of the building code, the plaintiff presented no evidence connecting these alleged violations to his fall *(see Costantino v Webel*, 57 AD3d 472 [2008]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]). Accordingly, the Supreme Court should have granted the motion and cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendants.

In light of our determination, we need not reach the parties' remaining contentions. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.