— In an action to recover dam *793 ages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 6, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly sustained injuries when she slipped on a platform and thereafter fell down an exterior stairway on premises owned by the defendants, her landlords.
The defendants made a prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff was unable to identify the cause of her fall (see Costantino v Webel, 57 AD3d 472, 472 [2008]; Lissauer v Shaarei Halacha, Inc., 37 AD3d 427, 427 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted expert evidence that the step risers and treads did not comply with various sections of, inter alia, the New York City Building Code. However, the plaintiffs assertion that these alleged stairway defects proximately caused her accident is based on sheer speculation (see Thompson v Commack Multiplex Cinemas, 83 AD3d 929, 930-931 [2011]; Kaplan v Great Neck Donuts, Inc., 68 AD3d 931, 932 [2009]; Lissauer v Shaarei Halacha, Inc., 37 AD3d at 427; Grob v Kings Realty Assoc., 4 AD3d 394, 395 [2004]; Glorioso v Schnabel, 253 AD2d 787, 788 [1998]), and is, in fact, contradicted by the record.
In light of our determination, we need not address the parties’ remaining contentions. Rivera, J.E, Skelos, Chambers and Austin, JJ., concur.