■ MILAGROS RIVERA, Appellant, v J. NAZZARO PARTNERSHIP, L.P., Respondent, et al., Defendant. [995 NYS2d 747]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated April 2, 2014, which granted the motion of the defendant J. Nazzaro Partnership, L.P., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On July 20, 2011, the plaintiff tripped and fell while walking on an exterior walkway located at 30 Main Street, Bayshore, allegedly sustaining injuries. Thereafter, the plaintiff commenced this action against the defendant J. Nazzaro Partnership, L.P. (hereinafter the defendant), the owner of the property, and another party, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion.

In a trip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963, 964 [2013]; *Dennis v Lakhani*, 102 AD3d 651, 652 [2013]; *Califano v Maple Lanes*, 91 AD3d 896, 897 [2012]; *Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011]). Here, the defendant established its entitlement to judgment as a matter of law by submitting the deposition testimony of the plaintiff, in which she admitted to not knowing what her foot had been caught on, or what caused her to fall. Notably, the plaintiff testified that, as she exited a pharmacy, she walked straight, looking forward, and did not look down (*see Kaplan v Great Neck Donuts, Inc.*, 68 AD3d 931, 932 [2009]; *Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit submitted in opposition to the motion merely raised a feigned issue of fact designed to avoid the consequences of her earlier deposition testimony (*see Steinsvaag v City of New York*, 96 AD3d 932, 933 [2012]; *Capasso v Capasso*, 84 AD3d 997, 998 [2011]; *Bolde v Borgata Hotel Casino & Spa*, 70 AD3d 617, 618 [2010]; *Kaplan v Great Neck Donuts, Inc.*, 68 AD3d at 932). The deposition testimony of the plaintiff's friend, who was present when the accident occurred, also failed to raise a triable issue of fact, as this witness was unable to identify what caused the plaintiff to fall. The plaintiff also submitted an affidavit of an expert who alleged that the proximate cause of the plaintiff's injuries was a depression of the walkway pavers, which created a one-inch height difference between the pavers and the abutting concrete curb, thereby causing a tripping hazard. However, since the plaintiff did not know what caused her to fall, it would be speculative to assume that this alleged condition proximately caused her fall (*see Humphrey v Merivil*, 109 AD3d 792, 793 [2013]; *Kaplan v Great Neck Donuts, Inc.*, 68 AD3d at 932; *Costantino v Webel*, 57 AD3d 472, 472-473 [2008]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur. **[Prior Case History: 2014 NY Slip Op 31012(U).]**