■ SELMA HOOVIS, Appellant, v GRAND CITY 99 CENTS STORE, INC., Respondent. [45 NYS3d 524]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), entered March 7, 2016, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (*see Viviano v KeyCorp*, 128 AD3d 811 [2015]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]). A plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2014]; *Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963, 964 [2013]; *Dennis v Lakhani*, 102 AD3d 651, 652 [2013]). "That does not mean that a plaintiff must have personal knowledge of the cause of his or her fall. Rather, it means only that a plaintiff's inability to establish the cause of his or [her] fall—whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence" (*Izaguirre v New York City Tr. Auth.*, 106 AD3d 878, 878 [2013]; *see McRae v Venuto*, 136 AD3d 765, 766 [2016]).

Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint by establishing, through the submission of the deposition testimony of the plaintiff and a witness to the accident, that the plaintiff could not identify the cause of her fall without engaging in speculation (*see Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d at 827; *Ash v City of New York*, 109 AD3d 854, 856 [2013]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d at 435). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, it is not necessary to reach the

parties' remaining contentions. Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.