■ JOHN J. KELLY et al., Appellants, v MALL AT SMITH HAVEN, LLC, et al., Respondents. (And a Third-Party Action.) [48 NYS3d 726]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated August 6, 2014, as granted those branches of the separate motions of the defendants Mall at Smith Haven, LLC, E.W. Howell Co., Inc., and RF Paving Corp. which were for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) so much of a judgment of

the same court entered October 15, 2014, as, upon the order, is in favor of those defendants and against them dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Mall at Smith Haven, LLC; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendant Mall at Smith Haven, LLC, and one bill of costs to the defendants E.W. Howell Co., Inc., and RF Paving Corp. payable by the plaintiffs, that branch of the motion of the defendant Mall at Smith Haven, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is denied, the complaint is reinstated against that defendant, and the order is modified accordingly.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On January 18, 2010, the plaintiff John J. Kelly (hereinafter the plaintiff) was walking toward the entrance of the Smith Haven Mall, owned by the defendant Mall at Smith Haven, LLC (hereinafter the mall), when he allegedly tripped and fell. The plaintiff, and his wife suing derivatively, commenced this action against the mall, and the defendants E.W. Howell Co., Inc. (hereinafter Howell), and RF Paving Corp. (hereinafter RF Paving) to recover damages for personal injuries. Howell had performed renovations of the mall in 2007, and hired RF Paving to build the sidewalk on which the plaintiff allegedly fell. Howell commenced a third-party action against RF Paving, inter alia, for indemnification. The defendants each moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, contending that the plaintiff did not know what caused him to fall. The Supreme Court granted those branches of their motions and, inter alia, dismissed the complaint insofar as asserted against each of them. The plaintiffs appeal.

A defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (*see McRae*

*v Venuto*, 136 AD3d 765, 766 [2016]; *Gotay v New York City Hous. Auth.*, 127 AD3d 693, 694 [2015]; *Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2014]). Here, viewing the evidence in the light most favorable to the plaintiffs as the nonmovants, the defendants failed to establish, prima facie, that the injured plaintiff did not know what had caused him to fall. In support of their motions, the defendants submitted transcripts of the plaintiff's depositions, in which the plaintiff testified that as he attempted to step onto the curb, he felt his right foot get "caught in the crack of the curb." In those depositions, the plaintiff clearly identified the chip in the curb as the cause of his alleged fall (*see Baldasano v Long Is. Univ.*, 143 AD3d 933, 933 [2016]; *Zorin v City of New York*, 137 AD3d 1116, 1117 [2016]; *Davis v Sutton*, 136 AD3d 731, 732 [2016]; *Gotay v New York City Hous. Auth.*, 127 AD3d at 694-695). Therefore, the Supreme Court erred in determining that the defendants were entitled to dismissal of the complaint on this basis (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Howell and RF Paving demonstrated their prima facie entitlement to judgment as a matter of law by establishing that they did not create the defect, and, as construction contractors who completed their work years before the accident occurred, had no continuing duty to maintain the sidewalk (*see Zorin v City of New York*, 137 AD3d at 1117; *Moore v City of Yonkers*, 92 AD3d 738, 739 [2012]; *Petry v Hudson Val. Pavement, Inc.*, 78 AD3d 1145, 1146 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact. The opinion of the plaintiffs' expert that the defect was created during construction was not based upon facts in evidence and therefore was speculative (*see Cappolla v City of New York*, 302 AD2d 547, 549 [2003]; *Quinn v Artcraft Constr.*, 203 AD2d 444, 445 [1994]). Accordingly, the Supreme Court properly granted those branches of Howell's and RF Paving's motions which were for summary judgment dismissing the complaint insofar asserted against them.

The mall failed, however, to establish its prima facie entitlement to judgment as a matter of law (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77, 79 [2015]; *Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]; *Giantomaso v T. Weiss Realty Corp.*, 142 AD3d 950 [2016]). Accordingly, the Supreme Court should have denied that branch of the mall's motion which was for summary judgment dismissing the complaint insofar as asserted against it regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New*

*York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur. 