Valdes v Pepsi-Cola Bottling Co. of N.Y., Inc. (2017 NY Slip Op 03794)





Valdes v Pepsi-Cola Bottling Co. of N.Y., Inc.


2017 NY Slip Op 03794


Decided on May 10, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-03514
 (Index No. 504192/13)

[*1]Ana Valdes, respondent, 
v
Pepsi-Cola Bottling Company of New York, Inc., defendant, Altamont Program, appellant.


French & Casey, LLP, New York, NY (Joseph A. French, Susan A. Romano, Paul J. Lee, and Lance E. Benowitz of counsel), for appellant.
Law Offices of Michael S. Lamonsoff, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Altamont Program appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), dated March 16, 2016, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff alleged that she slipped and fell on liquid on the floor of a cafeteria operated, at the time of the subject accident, by the defendant Altamont Program (hereinafter the defendant). The plaintiff thereafter commenced this action to recover damages for personal injuries. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, on the ground, as relevant here, that it did not have notice of the alleged dangerous condition. The Supreme Court denied its motion, and the defendant appeals.
A defendant has constructive notice of a dangerous condition when the condition is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453). Here, viewing the evidence in the light most favorable to the plaintiff, the defendant failed to demonstrate, prima facie, that it lacked constructive notice of the alleged dangerous condition. Contrary to the defendant's contention, the deposition testimony of the cafeteria supervisor, which only referred to general cleaning practices and did not establish when, prior to the subject accident, the area was last cleaned or inspected, failed to demonstrate that the alleged condition existed for an insufficient amount of time for it to have been remedied (see Schwartz v Gold Coast Rest. Corp., 139 AD3d 696; Herman v Lifeplex, LLC, 106 AD3d 1050, 1051; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598). [*2]The defendant's failure to establish its prima facie entitlement to judgment as a matter of law required the denial of its motion, regardless of the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., SGROI, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court