In an action to recover damages for personal injuries, the defendant Edward Martin Revocable Trust appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated October 21, 2016, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 On January 8, 2012, at about 3:00 p.m., the plaintiff allegedly tripped and fell due to a defective curb and sidewalk condition abutting a premises owned by the defendant Edward Martin Revocable Trust (hereinafter the Trust) in Huntington. The plaintiff commenced this action against, among others, the Trust. The Trust moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that the plaintiff did not know what had caused her to fall and, in any event, that the alleged defect that had caused the plaintiff to fall was trivial and, therefore, not actionable. The Supreme Court denied the motion. The Trust appeals.
 

 In a trip-and-fall case, “[a] plaintiff’s inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant’s negligence, if any, proximately caused the plaintiff’s injuries would be based on speculation” (Hoovis v Grand City 99 Cents Store, Inc., 146 AD3d 866, 866 [2017]; see Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827 [2014]; Patrick v Costco Wholesale Corp., 77 AD3d 810, 810 [2010]). Here, viewing the evidence in the light most favorable to the plaintiff as the nonmovant, the Trust failed to establish, prima facie, that the plaintiff was unable to identify the cause of her fall (see Lamour v Decimus, 118 AD3d 851, 851-852 [2014]; Jackson v Fenton, 38 AD3d 495, 496 [2007]). Additionally, the Trust failed to establish, prima facie, that the alleged defective condition of the curb and sidewalk was trivial and that the characteristics of the alleged defective condition or the surrounding circumstances did not increase the risks it posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]).
 

 Accordingly, the Supreme Court properly denied that branch of the Trust’s motion which was for summary judgment dismissing the complaint insofar as asserted against it.
 

 Balkin, J.R, Leventhal, Austin and Iannacci, JJ., concur.