Stoller v Purchase Community, Inc. (2018 NY Slip Op 03165)





Stoller v Purchase Community, Inc.


2018 NY Slip Op 03165


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-00142
 (Index No. 63990/14)

[*1]Rhoda M. Stoller, appellant, 
v
Purchase Community, Inc., respondent (and a third-party action).


Feldman, Kramer & Monaco, P.C., Hauppauge, NY (Leonard B. Chipkin of counsel), for appellant.
Gialleonardo, Gizzo & Rayhill, Elmsford, NY (David M. Heller of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated November 29, 2016. The order, insofar as appealed from, granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 6, 2013, the plaintiff fell from an exterior staircase on the defendant's property in Westchester. The plaintiff commenced this action against the defendant, alleging that she sustained personal injuries as a result of the fall. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint, contending, among other things, that the plaintiff could not establish the element of causation. The Supreme Court granted that branch of the cross motion, and the plaintiff appeals.
The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty proximately caused injury to the plaintiff (see Merchants Mut. Ins. Co. v Quality Signs of Middletown, 110 AD3d 1042, 1043; Demshick v Community Hous. Mgt. Corp., 34 AD3d 518, 519). In a premises liability case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; Rajwan v 109-23 Owners Corp., 82 AD3d 1199, 1200).
Here, the evidence submitted by the defendant in support of its cross motion, including the deposition transcripts of the plaintiff and surveillance footage of the plaintiff's fall, was sufficient to establish, prima facie, that the plaintiff did not know what had caused her to fall (see Amico v Kasneci, 134 AD3d 969; Rajwan v 109-23 Owners Corp., 82 AD3d at 1200). In opposition, the plaintiff failed to raise a triable issue of fact (see Humphrey v Merivil, 109 AD3d 792, 793; Rajwan v 109-23 Owners Corp., 82 AD3d at 1200; Murphy v New York City Tr. Auth., 73 AD3d [*2]1143, 1144).
Accordingly, the Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court