Duncan v 112 Atl. Realty, LLC (2018 NY Slip Op 05281)





Duncan v 112 Atl. Realty, LLC


2018 NY Slip Op 05281


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-01519
 (Index No. 9414/12)

[*1]Bryan Duncan, plaintiff-respondent, 
v
112 Atlantic Realty, LLC, et al., defendants third-party plaintiffs- respondents, Feliks & Son Storage Tank Co., defendant third-party defendant-appellant.


Hannum Feretic Prendergast & Merlino LLC, New York, NY (Jon Pisiewski of counsel), for defendant third-party defendant-appellant.
Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for plaintiff-respondent.
Faust Goetz Schenker & Blee LLP, New York, NY (Lisa De Lindsay of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party defendant appeals from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated December 9, 2015. The order, insofar as appealed from, denied the defendant third-party defendant's motion for summary judgment dismissing the complaint insofar as asserted against it and the third-party causes of action for contribution and common-law indemnification.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant third-party defendant for summary judgment dismissing the complaint insofar as asserted against it and the third-party causes of action for contribution and common-law indemnification is granted.
On March 3, 2012, the plaintiff allegedly tripped and fell when his foot became caught under the edge of a trench drain cover on premises owned by the defendant third-party plaintiff 112 Atlantic Realty, LLC (hereinafter 112 Atlantic), and operated as a gas station by the defendant third-party plaintiff Cobble Hill Super Service, Inc. (hereinafter Cobble Hill). [*2]Approximately three years prior to the plaintiff's accident, the defendant third-party defendant, Feliks & Son Storage Tank Co. (hereinafter Feliks), performed concrete patching in and around the trench drain in connection with tank installation work that was performed on the premises.
The plaintiff commenced this action against 112 Atlantic and Cobble Hill to recover damages for personal injuries he allegedly sustained as a result of the accident. 112 Atlantic and Cobble Hill commenced a third-party action against Feliks asserting, inter alia, causes of action sounding in contribution and common-law indemnification. The plaintiff later added Feliks as a defendant in the main action. Following discovery, Feliks moved for summary judgment dismissing the complaint insofar as asserted against it and dismissing the third-party causes of action for contribution and common-law indemnification. The Supreme Court denied the motion. Feliks appeals.
Feliks demonstrated its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it by establishing that it owed no duty directly to the plaintiff, and that it did not create or exacerbate the alleged dangerous condition on the subject premises (see Petry v Hudson Val. Pavement, Inc., 78 AD3d 1145, 1146-1147; see also Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 794; Zorin v City of New York, 137 AD3d 1116, 1117-1118). In support of its motion, Feliks submitted, inter alia, the deposition testimony of its principal, Feliks Swierzewski, who testified that he personally performed the cement patching in the area around the trench drain where the plaintiff allegedly fell, and that the alleged dangerous condition did not exist when the repaving work was completed in 2009. In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
Further, Feliks also demonstrated its prima facie entitlement to summary judgment dismissing the third-party causes of action for contribution and common-law indemnification by establishing that it was free from fault in the happening of the accident and that it did not breach a duty of care owed to 112 Atlantic or Cobble Hill (see Raquet v Braun, 90 NY2d 177, 183). In opposition, 112 Atlantic and Cobble Hill failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 562).
Accordingly, the Supreme Court should have granted Feliks's motion for summary judgment dismissing the complaint insofar as asserted against it and the third-party causes of action for contribution and common-law indemnification.
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court