Dasilva v Shah (2020 NY Slip Op 02762)





Dasilva v Shah


2020 NY Slip Op 02762


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2019-03965
 (Index No. 601993/17)

[*1]Maria Dasilva, et al., respondents,
v
Sejal Shah, et al., defendants, Town of North Hempstead, appellant.


Leonard G. Kapsalis, Town Attorney, Manhasset, NY (Selena Berbig of counsel), for appellant.
Jacoby & Meyers LLP, Newburgh, NY (James W. Shuttleworth III of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Town of North Hempstead appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered February 25, 2019. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Town of North Hempstead for summary judgment dismissing the complaint insofar as asserted against it is granted.
On May 10, 2016, the plaintiff Maria Dasilva (hereinafter the injured plaintiff) allegedly fell on a sidewalk in the Town of North Hempstead. The injured plaintiff, and her husband suing derivatively, commenced this action against, among others, the Town. The Town moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that the injured plaintiff did not know what had caused her to fall. In an order entered February 25, 2019, the Supreme Court, among other things, denied the Town's motion. The Town appeals.
A defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (see Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; Kudrina v 82-04 Lefferts Tenants Corp., 110 AD3d 963, 964). Here, the Town established its entitlement to judgment as a matter of law by submitting, inter alia, the injured plaintiff's testimony from a hearing held pursuant to General Municipal Law § 50-h and her deposition, which demonstrated, prima facie, that the injured plaintiff could not identify the cause of her fall without engaging in speculation (see Vojvodic v City of New York, 148 AD3d 1086, 1087; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d at 827; Kudrina v 82-04 Lefferts Tenants Corp., 110 AD3d at 964; Ash v City of New York, 109 AD3d 854, 855-856). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it.
The parties' remaining contentions need not be reached in light of our determination.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court