Carrasquillo v Dedoto (2021 NY Slip Op 00830)





Carrasquillo v Dedoto


2021 NY Slip Op 00830


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-06700
 (Index No. 32294/16)

[*1]Evelyn Carrasquillo, appellant, et al., plaintiff,
v
Ingrid Dedoto, et al., respondents.


Pillinger Miller Tarallo, Elmsford, NY (Patrice M. Coleman of counsel), for appellant.
Thomas K. Moore (Victor J. Natale, Melville, NY [David R. Holland], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff Evelyn Carrasquillo appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated April 24, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Evelyn Carrasquillo.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 21, 2013, at about 10:00 p.m., the plaintiff Evelyn Carrasquillo (hereinafter the plaintiff) allegedly fell on the exterior grounds of the defendants' premises in Rockland County. The plaintiff, and her husband suing derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the plaintiff did not know what had caused her to fall. The Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff. The plaintiff appeals.
In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (see Hoovis v Grand City 99 Cents Store, Inc., 146 AD3d 866; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827). Here, the defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the plaintiff could not identify the cause of her fall without engaging in speculation (see Segal v Haverstraw Mar. Corp., 176 AD3d 887, 888; Phillips v LSS Leasing Ltd. Liab. Co., 176 AD3d 750, 751; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d at 827; Ash v City of New York, 109 AD3d 854, 855-856). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff.
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court