Madden v 3240 Henry Hudson Parkway, LLC (2021 NY Slip Op 01971)





Madden v 3240 Henry Hudson Parkway, LLC


2021 NY Slip Op 01971


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-06940
 (Index No. 63403/16)

[*1]Eileen Madden, appellant, 
v
3240 Henry Hudson Parkway, LLC, respondent.


Jones, LLP, Scarsdale, NY (Jeffrey Briem of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated April 24, 2019. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied.
On December 26, 2015, at 6:30 or 7:30 a.m., the plaintiff allegedly tripped and fell in the lobby of the defendant's building. At the time of the accident, there was a rectangular, white depressed area in the lobby that was not flush with the surrounding floor. The plaintiff commenced this personal injury action against the defendant. Subsequently, the defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that the plaintiff did not know what had caused her to fall. The Supreme Court granted that branch of the defendant's motion, and the plaintiff appeals.
"[A] defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (Ash v City of New York, 109 AD3d 854, 855; see Kozik v Sherland & Farrington, Inc., 173 AD3d 994, 995). "However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864 [internal quotation marks omitted]; see Flanagan v Town of Huntington, 155 AD3d 1000, 1001). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; see Mitgang v PJ Venture HG, LLC, 126 AD3d at 864; Ash v City of New York, 109 AD3d at 855).
Here, the defendant failed to establish, prima facie, that the plaintiff did not know what had caused her to fall. In support of its motion, the defendant submitted a transcript of the plaintiff's deposition testimony and photographs of the accident site which raised a triable issue of fact as to whether the plaintiff tripped and fell on the uneven condition of the lobby floor (see Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 794; Davis v Sutton, 136 AD3d 731; Lamour v [*2]Decimus, 118 AD3d 851, 852). Since the defendant failed to meet its initial burden as the movant, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court