Hughes v Tower Crestwood 2015, LLC (2021 NY Slip Op 04705)





Hughes v Tower Crestwood 2015, LLC


2021 NY Slip Op 04705


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-10201
 (Index No. 4322/16)

[*1]Sally Hughes, appellant, 
v
Tower Crestwood 2015, LLC, et al., respondents.


Sobo & Sobo, LLP, Middletown, NY (Stephen J. Cole-Hatchard of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Patrice M. Coleman and Thomas M. Bona of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated July 31, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when she tripped and fell in a hole in the blacktop, located in a parking lot outside one of the buildings of the defendants' apartment complex. The plaintiff commenced this action to recover damages for her personal injuries. The defendants moved for summary judgment dismissing the complaint on the grounds that they lacked actual or constructive notice of the allegedly defective condition, and the plaintiff was unable to adequately identify the condition that caused her fall. The Supreme Court granted the defendants' motion. The plaintiff appeals.
"[A] defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d 977, 977; see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 937). A defendant may also establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall without engaging in speculation (see Dasilva v Shah, 183 AD3d 697, 698; Grande v Won Hee Lee, 171 AD3d 877, 878; Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; see Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d 1095, 1096).
Here, the defendants failed to establish, prima facie, that the plaintiff was unable to [*2]identify the cause of her fall (see Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d at 1096). The defendants submitted excerpts of the transcript of the plaintiff's deposition, in which she testified that she tripped and fell because her foot became caught in a hole in the blacktop near a curb in the subject parking lot. This testimony demonstrated the existence of a triable issue of fact as to whether the plaintiff tripped and fell in the alleged hole (see Coelho v S & A Neocronon, Inc., 178 AD3d 662, 663; Kozik v Sherland & Farrington, Inc., 173 AD3d 994, 995; Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 794).
The defendants also failed to establish, prima facie, that they lacked constructive notice of the alleged defective condition. A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it reasonably could have been discovered and corrected (see Gordon v American Museum of Natural History, 67 NY2d 836, 837). "To meet its initial burden on the issue of lack of constructive notice, [a] defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684 [internal quotation marks omitted]; see Coelho v S & A Neocronon, Inc., 178 AD3d at 663; Feola v City of New York, 102 AD3d 827, 828).
Here, the defendants submitted evidence that a paving contractor inspected the parking lot prior to the plaintiff's accident, and found no defective conditions in the area of the plaintiff's accident. However, that inspection occurred approximately five to seven weeks prior to the plaintiff's accident (cf. Rauschenbach v County of Nassau 128 AD3d 661, 662). Moreover, although the defendants' property manager submitted an affidavit in which she attested that she did not find any potholes or pothole-type conditions during her inspection of the area a few days after the plaintiff's accident, her contemporaneous notes and her deposition testimony acknowledged that she found, and had repaired, three "tiny holes" or "small spots by each curb curve" in the subject parking lot. Viewing this evidence in the light most favorable to the plaintiff, the defendants failed to demonstrate that the alleged condition existed for an insufficient period of time before the accident that it could not have been discovered and remedied (see Valdes v Pepsi-Cola Bottling Co. of N.Y., Inc., 150 AD3d 926, 926).
Since the defendants failed to meet their initial burden, the Supreme Court should have denied the defendants' motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Wittman v Nespola, 190 AD3d 1012, 1013).
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court