Leem v 152-24 N., LLC (2022 NY Slip Op 00417)





Leem v 152-24 N., LLC


2022 NY Slip Op 00417


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-14238
 (Index No. 715128/17)

[*1]Ajia Leem, respondent, 
v
152-24 Northern, LLC, et al., defendants, Dong's Family Cuisine, appellant.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen, Nicholas Hurzeler, and Daniel Wang of counsel), for appellant.
Burns & Harris, New York, NY (Daniel T. Wright, Jason S. Steinberg, and Judith F. Stempler of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Dong's Family Cuisine appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered December 2, 2019. The order denied that branch of the motion of the defendant Dong's Family Cuisine which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In September 2017, the plaintiff allegedly sustained personal injuries when she tripped atop a mat covering a concrete ramp/slope as she exited a restaurant operated by the defendant Dong's Family Cuisine (hereinafter the defendant). She commenced the instant action against, among others, the defendant. Thereafter, the defendant moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that the plaintiff did not know what had caused her to fall. The Supreme Court, among other things, denied that branch of the motion. The defendant appeals.
"[A] defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (Ash v City of New York, 109 AD3d 854, 855; see Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d 1095, 1095-1096). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [internal quotation marks omitted]). "However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864 [internal quotation marks omitted]; see Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d at 1096). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused [*2]the plaintiff's injuries would be based on speculation" (Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827).
Here, the defendant failed to establish, prima facie, that the plaintiff did not know what had caused her to fall and that there was no dangerous or defective condition that could have caused the plaintiff's fall. In support of its motion, the defendant submitted, inter alia, a transcript of the plaintiff's deposition testimony, which raised a triable issue of fact as to whether the plaintiff tripped and fell on a sloped portion of the sidewalk that was under the mat (see Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d at 1096). Since the defendant failed to meet its initial burden as the movant, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's contention that the defect was trivial and therefore not actionable is raised for the first time on appeal, and thus, is not properly before this Court (see Bonilla v Southside United Hous. Dev. Fund Corp., 181 AD3d 550, 551; Salierno v City of Mount Vernon, 107 AD3d 971, 972).
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court