In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated July 18, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
The plaintiff rented a second floor apartment from the defendant. The plaintiff alleged that she slipped and fell while descending a wooden staircase leading down from the second floor. The Supreme Court granted the defendant’s motion for summary judgment dismissing the complaint.
In a slip-and-fall case, a defendant can establish its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused the fall (see Thompson v Commack Multiplex Cinemas, 83 AD3d 929, 930 [2011]). In determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party (see Giraldo v Twins Ambulette Serv., Inc., 96 AD3d 903 [2012]; Boyd v Rome Realty Leasing Ltd. Partnership, 21 AD3d 920, 921 [2005]).
In support of her motion, the defendant submitted a transcript *852 of the plaintiffs deposition, at which the plaintiff testified that her right foot slipped on something wet as she was descending the wooden staircase. Thus, the defendant failed to establish her prima facie entitlement to judgment as a matter of law on the issue of the cause of the accident (cf. Douse v City of New York, 70 AD3d 764 [2010]; Cangro v Noah Bldrs., Inc., 52 AD3d 758, 759 [2008]; Zimmerman v Yuskevich, 306 AD2d 403 [2003]; Hartman v Mountain Val. Brew Pub, 301 AD2d 570 [2003]; Smith v Wisch, 77 AD2d 619 [1980]).
In a slip-and-fall case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence (see Levine v Amverserve Assn., Inc., 92 AD3d 728, 729 [2012]; Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 599 [2010]; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598 [2008]). While the defendant met her initial burden of making a prima facie showing that she did not create the condition and lacked actual notice of the wet spot, “[t]o meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell” (Birnbaum v New York Racing Assn., Inc., 57 AD3d at 598-599; see Levine v Amverserve Assn., Inc., 92 AD3d at 729; Pryzywalny v New York City Tr. Auth., 69 AD3d at 599). Here, the defendant introduced no evidence as to when she had last cleaned or inspected the staircase relative to the time the plaintiff fell. She did not know when she last inspected the property before the subject accident on December 24, 2007. Thus, the defendant did not establish, prima facie, that she lacked constructive notice of the alleged wet condition in the stairway (see Alston v Starrett City Assoc., 72 AD3d 711 [2010]; see also Mahoney v AMC Entertainment, Inc., 103 AD3d 855, 856 [2013]).
Accordingly, the Supreme Court should have denied the defendant’s motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Dickerson, J.E, Leventhal, Hall and Miller, JJ., concur.