■ Chih Mei Shih, Respondent, v Sanford Tower Condo, Respondent, and Flora Chang, Appellant. [2 NYS3d 534]—

In an action to recover damages for personal injuries, the defendant Flora Chang appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated September 26, 2013, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly was injured when she slipped and fell in the hallway near the entrance to her apartment, which was located on the thirteenth floor of a building owned by the defendant Sanford Tower Condo. A surveillance video showed the defendant Flora Chang, who also owned an apartment on the same floor, mopping the subject hallway less than one hour before the plaintiff's fall. The plaintiff subsequently commenced this action against the Sanford Tower Condo and Chang. Following discovery, Chang moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. The Supreme Court denied her motion.

The Supreme Court properly denied Chang's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that he or she neither created the dangerous condition, nor had actual or constructive notice of its

existence for a sufficient length of time to discover and remedy it (*see Heck v Regula*, 123 AD3d 665, 666 [2d Dept 2014]). Moreover, in a slip-and-fall case, a defendant can establish prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused the fall (*see Lamour v Decimus*, 118 AD3d 851, 851 [2014]).

In determining a defendant's motion for summary judgment, the court must view all of the evidence in the light most favorable to the nonmoving plaintiff, and must resolve all reasonable inferences in the plaintiff's favor (*see Lamour v Decimus*, 118 AD3d at 852; *Giraldo v Twins Ambulette Serv., Inc.*, 96 AD3d 903 [2012]).

Here, Chang failed to establish, prima facie, either that the plaintiff did not know what caused her to fall (*see Lamour v Decimus*, 118 AD3d at 851-852) or that Chang did not create the alleged dangerous condition on the hallway floor (*see Johnson v Culinary Inst. of Am.*, 95 AD3d 1077, 1078-1079 [2012]). Since Chang failed to establish her entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Martinez v 1261 Realty Co., LLC*, 121 AD3d 955, 956 [2014]). Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.