■ CARMEN BUITRAGO, Respondent, v GUTMAN MANAGEMENT Co., INC., et al., Appellants. [21 NYS3d 119]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated June 6, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Gutman Management Co., Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

On February 1, 2010, the plaintiff allegedly slipped and fell on a puddle of water near a planter in the hallway of a building owned by the defendant Hampshire House Apt. Corp. (hereinafter Hampshire House) and managed by the defendants Gutman Management Co., Inc. (hereinafter Gutman), and A.T.M. Real Estate Ltd. (hereinafter A.T.M.). Thereafter, the plaintiff commenced this action against the defendants, and the defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the plaintiff did not know what had caused her to fall and that they did not create the alleged hazardous condition or have actual or constructive notice of the condition. The defendants also submitted evidence that Gutman was not the managing agent of the building at the time of the incident. The Supreme Court denied the motion.

Contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against Hampshire House and A.T.M. Viewing the evidence in the light most favorable to the plaintiff, the defendants failed to establish, prima facie, that the plaintiff was unable to identify what had caused her to fall (*see Izaguirre v New York City Tr. Auth.*, 106 AD3d 878 [2013]). In addition, the defendants failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous condition that caused the plaintiff to fall. To meet its initial burden on the issue of lack of constructive notice, a defendant in a slip-and-fall case must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (*see Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]; *Arcabascio v We're Assoc., Inc.*, 125 AD3d 904, 904 [2015]; *Herman v Lifeplex, LLC*, 106 AD3d

1050, 1051-1052 [2013]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]). Here, the defendants failed to proffer evidence as to when the area where the plaintiff fell was last inspected or cleaned in relation to the plaintiff's accident (*see Johnson v Culinary Inst. of Am.*, 95 AD3d 1077, 1079 [2012]). Since the defendants failed to establish, prima facie, that Hampshire House and A.T.M. were entitled to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Chih Mei Shih v Sanford Tower Condo*, 124 AD3d 711, 712 [2015]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Hampshire House and A.T.M.

However, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Gutman. The defendants established, prima facie, that Gutman was not the managing agent of the building at the time of the incident, and thus, that it owed no duty to the plaintiff. The plaintiff did not oppose that branch of the defendants' motion, and thus, failed to raise a triable issue of fact in this regard. Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.