Johnson v 101-105 S. Eighth St. Apts. Hous. Dev. Fund Corp. (2020 NY Slip Op 03773)





Johnson v 101-105 S. Eighth St. Apts. Hous. Dev. Fund Corp.


2020 NY Slip Op 03773


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-07011
 (Index No. 513293/16)

[*1]Santiago Bienvenido Johnson, et al., appellants,
v
101-105 South Eighth Street Apartments Housing Development Fund Corporation, respondent.


Robert G. Goodman, P.C., New York, NY (Louis A. Badolato of counsel), for appellants.
Picciano & Scahill, P.C., Bethpage, NY (Keri A. Werheim of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated April 1, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On the morning of February 10, 2016, the plaintiff Santiago Bienvenido Johnson (hereinafter the plaintiff) allegedly was walking down a staircase in the vestibule of the defendant's apartment building when he slipped and fell on the second step from the bottom of the staircase. He alleged that there was salt, which was used to melt ice, on the steps of this staircase. The plaintiff, and his wife suing derivatively, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint. The defendant argued that the plaintiff did not know what had caused him to fall, and, in any event, that it neither caused the salt to be on the step at issue nor had notice of its existence on the step. The Supreme Court granted the motion on the ground that the presence of salt on the step constituted a trivial defect. The plaintiffs appeal.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Bonilla v Southside United Hous. Dev. Fund Corp., 181 AD3d 550, 551). A defendant in a slip-and-fall case may also establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall without engaging in speculation (see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948-949; Defino v Interlaken Owners, Inc., 125 AD3d 717). Here, the defendant failed to establish, prima facie, that the plaintiff did not know what had caused him to fall (see Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983; Lamour v Decimus, 118 AD3d 851, 852). In support of the motion, the defendant submitted, inter alia, the deposition testimony of the plaintiff wherein he clearly testified that he slipped and fell due to the presence of salt on the step at issue.
The defendant also failed to establish, prima facie, that it did not have constructive notice of the presence of salt on the step (see Griffin v PMV Realty, LLC, 181 AD3d 912, 913; Butts v SJF, LLC, 171 AD3d 688, 689; Rodriguez v New York City Hous. Auth., 169 AD3d at 948). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837). To meet its burden on the issue of lack of constructive notice, a defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the accident (see Butts v SJF, LLC, 171 AD3d at 689; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Herman v Lifeplex, LLC, 106 AD3d 1050, 1051; see Griffin v PMV Realty, LLC, 181 AD3d at 913). Here, in support of the motion, the defendant submitted, inter alia, the deposition testimony of the part-time porter and the deposition testimony of the property manager of the defendant's building, which merely provided evidence as to the defendant's general cleaning practices, with no evidence as to when the area at issue was last inspected or cleaned prior to the accident.
The Supreme Court should not have granted the defendant's motion on the ground that the presence of the salt on the step at issue constituted a trivial defect since the parties did not raise this issue (see Patel v Sharma, 168 AD3d 966, 967; Singletary v Alhalal Rest., Inc., 163 AD3d 738, 739-740; Quizhpe v Luvin Constr., 70 AD3d 912, 914). Accordingly, the court should have denied the defendant's motion without regard to the sufficiency of the plaintiffs' opposition papers.
AUSTIN, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court