Leibman v Water Auth. of W. Nassau County (2020 NY Slip Op 06109)





Leibman v Water Auth. of W. Nassau County


2020 NY Slip Op 06109


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-04257
 (Index No. 490/17)

[*1]Peter Leibman, appellant, 
v
Water Authority of Western Nassau County, respondent.


Robert George Bombara, Howard Beach, NY, for appellant.
Andrea G. Sawyers, Melville, NY (Dominic P. Zafonte of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered February 19, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that he allegedly sustained on January 29, 2016, when he fell on the exterior grounds of the defendant's premises. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint on the grounds that the plaintiff did not know what had caused him to fall and the defendant did not have actual or constructive notice of the allegedly dangerous condition. The plaintiff appeals.
In a slip-and-fall case, a defendant can establish its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused the fall (see Bombino-Munroe v Church of St. Bernard, 163 AD3d 616, 617; Lamour v Decimus, 118 AD3d 851, 851). Here, the defendant failed to establish, prima facie, that the plaintiff did not know what had caused him to fall (see Bombino-Munroe v Church of St. Bernard, 163 AD3d at 617; Lamour v Decimus, 118 AD3d at 851-852). Viewing the evidence in the light most favorable to the plaintiff, a triable issue of fact exists as to whether the plaintiff slipped and fell on a wet sidewalk with clumps of ice melt. The defendant also failed to establish, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence (see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court