Piotrowski v Texas Roadhouse, Inc. (2021 NY Slip Op 02000)





Piotrowski v Texas Roadhouse, Inc.


2021 NY Slip Op 02000


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-08105
 (Index No. 512579/17)

[*1]Teresa Piotrowski, appellant, 
v
Texas Roadhouse, Inc., respondent.


Morgan Levine Dolan, P.C., New York, NY (Jared T. Levine of counsel), for appellant.
Rutherford & Christie, LLP, New York, NY (David S. Rutherford and L. Diana Mulderig of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lisa Ottley, J.), dated June 17, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
In June 2017, the plaintiff commenced this action against the defendant to recover damages for personal injuries that she alleged she sustained in February of that year, when she slipped and fell inside the defendant's restaurant in Poughkeepsie. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff did not know what had caused her to fall and that, in any event, it neither created nor had notice of the alleged hazardous condition that caused the plaintiff to fall. In an order dated June 17, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals.
The Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Contrary to the court's determination, in a slip-and-fall case, the defendant moving for summary judgment, not the plaintiff, "has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Bonilla v Southside United Hous. Dev. Fund Corp., 181 AD3d 550, 551). "A defendant in a slip-and-fall case may also establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Johnson v 101-105 S. Eighth St. Apts. Hous. Dev. Fund Corp., 185 AD3d 671, 671; see Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983). Here, the defendant failed to establish, prima facie, that the plaintiff did not know what had caused her to fall (see Kerzhner v New York City Tr. Auth., 170 AD3d at 983; Lamour v Decimus, 118 AD3d 851, 852). In support of its motion, the defendant submitted, inter alia, the [*2]transcript of the deposition testimony of the plaintiff, who testified that she slipped and fell due to a slippery stain on the floor underneath the table where she was dining.
The defendant also failed to show, prima facie, that it did not have constructive notice of the condition that the plaintiff alleged caused her to fall. "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see Johnson v 101-105 S. Eighth St. Apts. Hous. Dev. Fund Corp., 185 AD3d at 672). Although the defendant submitted the transcript of the deposition testimony of the individual who was the managing partner of the restaurant at the time of the accident, the manager testified only as to the restaurant's general cleaning and inspection policy and not about any inspections that may have occurred prior to the plaintiff's fall.
Accordingly, since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied the defendant's motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Kerzhner v New York City Tr. Auth., 170 AD3d at 983).
In light of our determination, the parties' remaining contentions need not be reached.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court