Weiss v Bay Club (2022 NY Slip Op 03026)





Weiss v Bay Club


2022 NY Slip Op 03026


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-14161
 (Index No. 707332/18)

[*1]Susan Weiss, appellant, The 
v
Bay Club, et al., respondents.


Frederic A. Nicholson, Brooklyn, NY, for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered November 12, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly tripped and fell on a staircase in a passageway connecting two residential buildings in Bayside. She commenced this action against the defendants, alleging that a defective condition on the staircase caused her fall. The defendants moved for summary judgment dismissing the complaint. In an order entered November 12, 2019, the Supreme Court granted the defendants' motion on the ground that the plaintiff could not identify the cause of her fall without resorting to speculation. The plaintiff appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Rivera v Roman Catholic Archiocese of N.Y., 197 AD3d 744, 744-745). Such a defendant may also establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of her or his fall without engaging in speculation (see Hughes v Tower Crestwood 2015, LLC, 197 AD3d 633, 634; Piotrowski v Texas Roadhouse, Inc., 192 AD3d 1147, 1148).
In support of their motion, the defendants submitted the transcript of the plaintiff's deposition testimony, in which she testified that she tripped and fell because her foot caught on a step in which a portion of the tread was broken. In light of this testimony, it cannot be said that the defendants established, prima facie, that the plaintiff was unable to identify the cause of her fall (see Hughes v Tower Crestwood 2015, LLC, 197 AD3d at 634; Piotrowski v Texas Roadhouse, Inc., 192 AD3d at 1148; Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983)
The defendants also failed to show, prima facie, that they did not have constructive notice of the condition that the plaintiff alleged caused her to fall. "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Falco-Averett v Wal-Mart Stores, Inc., 174 AD3d 506, 507; see Gordon v American Museum of Natural History, 67 NY2d 836, 837). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last . . . inspected relative to the time when the plaintiff fell" (Rivera v Roman Catholic Archiocese of N.Y., 197 AD3d at 745 [internal quotation marks omitted]; see Fortune v W. Beef, Inc., 178 AD3d 671, 672). Here, the evidence submitted on the defendants' motion failed to demonstrate when the subject staircase was last inspected relative to the plaintiff's accident (see Quinones v Starret City, Inc., 163 AD3d 1020, 1022; Hanney v White Plains Galleria, LP, 157 AD3d 660, 661-662; Rong Wen Wu v Arniotes, 149 AD3d 786, 787).
Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court