Rozo v Roman Catholic Church of the Precious Blood (2022 NY Slip Op 06508)

Rozo v Roman Catholic Church of the Precious Blood

2022 NY Slip Op 06508

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-04155
 (Index No. 709207/18)

[*1]Sara Rozo, respondent, 
v
Roman Catholic Church of the Precious Blood, appellant.

Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez and Clifford Tucker of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), dated April 30, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she tripped and fell inside premises owned by the defendant. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. Following discovery, the defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the plaintiff did not know what had caused her to fall. The plaintiff opposed the motion. The Supreme Court denied the motion, and the defendant appeals.
In a trip-and-fall case, a defendant property owner can establish its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused the fall (see Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983; Lamour v Decimus, 118 AD3d 851). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; see Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d 1095, 1096).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, the defendant failed to establish, prima facie, that the plaintiff did not know what caused her to fall (see Kerzhner v New York City Tr. Auth., 170 AD3d 982; Lamour v Decimus, 118 AD3d 851). Since the defendant failed to meet its initial burden as the movant, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court