Pozzulo v Botta (2022 NY Slip Op 07465)

Pozzulo v Botta

2022 NY Slip Op 07465

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-02341
 (Index No. 605876/17)

[*1]Irene Pozzulo, et al., appellants, 
v
Christopher Botta, et al., respondents (and a third-party action).

Raymond S. Voulo, Mineola, NY, for appellants.
Denis J. Kennedy, Garden City, NY (Lorraine M. Korth of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), dated January 27, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff Irene Pozzulo (hereinafter the plaintiff), and her husband suing derivatively, commenced this action against the defendants to recover damages for personal injuries that the plaintiff allegedly sustained on the morning of February 10, 2017, when she slipped and fell on snow and ice on a sidewalk abutting the defendants' residence. In an order dated January 27, 2020, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiffs appeal.
The defendants failed to establish, prima facie, that their snow removal efforts did not create or exacerbate the snow and ice condition which allegedly caused the plaintiff to fall (see Gibbs v Husain, 184 AD3d 809, 810; Pol v Gjonbalaj, 125 AD3d 955, 956). Additionally, contrary to their contention, the defendants failed to establish, prima facie, that the plaintiff was unable to identify the cause of her fall (see Leibman v Water Auth. of W. Nassau County, 187 AD3d 1159, 1160; Bombino-Munroe v Church of St. Bernarnd, 163 AD3d 616, 617; Lamour v Decimus, 118 AD3d 851, 851-852).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court