Bayer v Savan Hospitality Corp. (2023 NY Slip Op 02096)

Bayer v Savan Hospitality Corp.

2023 NY Slip Op 02096

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-07393
 (Index No. 614323/18)

[*1]Marianne T. Bayer, respondent, 
v
Savan Hospitality Corp., et al., appellants.

Bongiorno, Montiglio, Mitchell & Palmieri, PLLC, Mineola, NY (Thomas A. Montiglio, Jr., of counsel), for appellants.
Grizopoulos & Portz, P.C., Mineola, NY (Gregory Grizopoulos of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered October 1, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 7, 2016, the plaintiff allegedly slipped and fell in the exterior parking lot of the defendants' hotel. In October 2018, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of her fall. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, finding that the defendants failed to establish, prima facie, that the plaintiff was unable to identify the cause of her fall and that they did not have constructive notice of the condition that caused the fall. The defendants appeal.
"In a premises liability case, a defendant real property owner or a party in possession or control of real property that moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Marazita v City of New York, 202 AD3d 951, 953 [internal quotation marks omitted]). "A defendant may also establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her injury without engaging in speculation" (id. at 953; see Mercurio v Dayton, 207 AD3d 456, 457).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, the defendants failed to establish, prima facie, that the plaintiff was unable to identify the cause of her fall. In support of their motion, the defendants submitted a transcript of the plaintiff's deposition testimony, wherein she identified the cause of her fall (see Rozo v Roman Catholic Church of the Precious Blood, 210 AD3d 921, 921; Piotrowski v Texas Roadhouse, Inc., 192 AD3d 1147, 1148; Stancarone v Sullivan, 167 AD3d 676, 678). In addition, the defendants failed to submit any evidence as to when the area in question was last cleaned or inspected relative [*2]to the time when the plaintiff fell and, therefore, failed to establish, prima facie, that they did not have constructive notice of the alleged condition that caused the fall (see Bruni v Macy's Corporate Servs., Inc., 134 AD3d 870, 871; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
Since the defendants failed to meet their initial burden as the movants, the Supreme Court properly denied their motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court