Croake v Flushing Hosp. & Med. Ctr. (2023 NY Slip Op 06723)

Croake v Flushing Hosp. & Med. Ctr.

2023 NY Slip Op 06723

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2021-07842
 (Index No. 708609/18)

[*1]Myrtle Croake, appellant, 
v
Flushing Hospital and Medical Center, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino and Jacqueline D. Berger of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered October 8, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained when she slipped and fell on a slippery substance on a floor of a corridor in the defendant's hospital. The defendant moved for summary judgment dismissing the complaint. In an order entered October 8, 2021, the Supreme Court granted the defendant's motion, and the plaintiff appeals.
"In a premises liability case, a defendant real property owner or a party in possession or control of real property that moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Bayer v Savan Hospitality Corp., 215 AD3d 906, 907 [internal quotation marks omitted]). "A defendant is deemed to have constructive notice of a dangerous condition on its property when the condition is visible and apparent, and existed for a sufficient length of time prior to the accident to permit the defendant's employees to discover the condition and remedy it" (Morlan v Atlantic Westerly Co., 214 AD3d 787, 788; see Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, the defendant failed to eliminate triable issues of fact as to whether it had constructive notice of the alleged slippery condition. The defendant's evidence that the corridor was inspected more than an hour before the accident was insufficient to establish that the condition did not exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy the condition. The plaintiff's deposition testimony, submitted by the defendant in support of its motion, established that there were at least three nurses and a doctor present in the corridor at the time of her fall (see Negri v Stop & Shop, 65 NY2d 625, 626; Clark v Stop & Shop [*2]Supermarket Co., LLC, 204 AD3d 746, 747). Contrary to the defendant's contention, the plaintiff's deposition testimony that she did not notice anything on the floor before she fell was insufficient to establish that the condition would not have been discoverable upon a reasonable inspection (see Melendez v Alliance Hous. Assoc., L.P., 201 AD3d 437, 438; cf. Reed v 64 JWB, LLC, 171 AD3d 1228, 1229).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendant's remaining contentions.
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court