TD Bank, N.A. v Raphael (2025 NY Slip Op 01252)

TD Bank, N.A. v Raphael

2025 NY Slip Op 01252

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
ROBERT J. MILLER
HELEN VOUTSINAS, JJ.

2021-08454
 (Index No. 608522/18)

[*1]TD Bank, N.A., appellant, 
v
Huguette Raphael, respondent, et al., defendants.

Meyner and Landis LLP, New York, NY (Matthew P. Dolan and Peter Y. Roh of counsel), for appellant.
Lavelle Law & Associates, P.C. (Lewis Johs Avallone Aviles, LLP, Islandia, NY [Jennifer Hurley McGay], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered October 15, 2021. The order, insofar as appealed from, denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Huguette Raphael and JPMorgan Chase Bank, N.A., and for an order of reference, and granted the motion of the defendant Huguette Raphael for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Huguette Raphael and JPMorgan Chase Bank, N.A., and for an order of reference, and the motion of the defendant Huguette Raphael for summary judgment dismissing the complaint insofar as asserted against her.
On July 11, 2005, a United States Small Business Administration note (hereinafter the note) in the sum of $450,000 in favor of Commerce Bank, N.A. (hereinafter Commerce Bank), was executed by Jean Cadet, as president of Raphael Development Corp. (hereinafter Raphael Development), JC's Auto Sales of NY, Inc., and A.W. Auto Parts, Inc. (hereinafter collectively the borrowers), and by Edec Raphael (hereinafter Edec), as vice president of Raphael Development. The note was secured by a mortgage on commercial property located at 982 Front Street in Uniondale (hereinafter the Front Street property). Cadet and Edec purportedly executed a guaranty with respect to that mortgage.
The note was "further secure[d]" by a "[c]ollateral" mortgage executed on July 11, 2005, by Edec and his wife, Huguette Raphael (hereinafter Huguette), on residential property located at 393 Lenox Avenue in Uniondale (hereinafter the Lenox Avenue property). In addition, Huguette executed a limited guaranty that guaranteed payment of "all amounts owing under the note," but it expressly limited payment to "the amount Lender obtains from the . . . Lien on [the Lenox Avenue property]."
In 2008, the plaintiff, as successor by merger to Commerce Bank, commenced an action against the borrowers, Cadet, and Edec, among others, to foreclose the mortgage on the Front Street property (hereinafter the 2008 action). Huguette was not named as a defendant in that action. Thereafter, a foreclosure sale was held, and the plaintiff obtained a deficiency judgment against the borrowers and Cadet in the total sum of $642,014.06. The judgment did not name Edec or Huguette as a judgment debtor. Edec died on October 3, 2016.
On June 25, 2018, the plaintiff commenced this action against Huguette and JPMorgan Chase Bank, N.A. (hereinafter JPMorgan), among others, to foreclose the mortgage on the Lenox Avenue property. Huguette interposed an answer in which she asserted various affirmative defenses.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Huguette and JPMorgan and for an order of reference. Huegette moved for summary judgment dismissing the complaint insofar as asserted against her, arguing that the plaintiff failed to comply with RPAPL 1303. In an order entered October 15, 2021, the Supreme Court, among other things, denied the plaintiff's motion and granted Huguette's motion. The court determined that the mortgage debt was unenforceable as against Huguette because she was not named as a defendant in the 2008 action or as a judgment debtor in the deficiency judgment issued in the 2008 action. The plaintiff appeals.
"[O]n a motion for summary judgment, the court is limited to the issues or defenses that are the subject of the motion before the court" (Matter of Pritchett, 128 AD3d 836, 837; see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430; Avagyan v City of New York, 222 AD3d 710, 710).
Here, the Supreme Court should not have granted Huguette's motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the mortgage debt was unenforceable as against her because she was not named as a defendant in the 2008 action or as a judgment debtor in the deficiency judgment issued in the 2008 action, since Huguette never raised that issue in her motion papers (see Avagyan v City of New York, 222 AD3d at 711; Johnson v 101-105 S. Eighth St. Apts. Hous. Dev. Fund Corp., 185 AD3d 671, 672; Patel v Sharma, 168 AD3d 966, 967).
Since the Supreme Court did not consider the merits of the plaintiff's motion and Huguette's motion, the matter must be remitted to the Supreme Court, Nassau County, for a determination of those motions on the merits (see Patel v Sharma, 168 AD3d at 967; Baron v Brown, 101 AD3d 915, 916).
In light of our determination, we need not reach the plaintiff's remaining contention.
DILLON, J.P., GENOVESI, MILLER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court