Clerveau v Green Vil. Meat Mkt. Corp. (2026 NY Slip Op 00237)

Clerveau v Green Vil. Meat Mkt. Corp.

2026 NY Slip Op 00237

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-12270
 (Index No. 500378/20)

[*1]Marie Clerveau, respondent, 
vGreen Village Meat Market Corp., defendant, Nostrand Finest Meats, Inc., et al., appellants.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York, NY (Matthew G. Corcoran of counsel), for appellants.
Bokyo & Associates, P.C. (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Nostrand Finest Meats, Inc., and 1861 Nostrand Ave., LLC, appeal from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated October 16, 2024. The order denied the motion of the defendants Nostrand Finest Meats, Inc., and 1861 Nostrand Ave., LLC, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants Nostrand Finest Meats, Inc., and 1861 Nostrand Ave., LLC (hereinafter together the defendants), and another, to recover damages for personal injuries she allegedly sustained when she fell on a sidewalk abutting the defendants' property. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending, inter alia, that the plaintiff did not know what had caused her to fall. In an order dated October 16, 2024, the Supreme Court denied the motion. The defendants appeal.
"In a trip-and-fall case, a defendant property owner can establish its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused the fall" (Rozo v Roman Catholic Church of the Precious Blood, 210 AD3d 921, 921; see Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Rozo v Roman Catholic Church of the Precious Blood, 210 AD3d at 921 [internal quotation marks omitted]; see Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d 1095, 1096).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, the defendants failed to establish, prima facie, that the plaintiff was unable to identify the cause of her fall. In support of their motion, the defendants submitted, among other things, a transcript of the plaintiff's deposition testimony wherein she sufficiently identified the [*2]cause of her fall (see Bayer v Savan Hospitality Corp., 215 AD3d 906, 907; Rozo v Roman Catholic Church of the Precious Blood, 210 AD3d at 921). Contrary to the defendants' contention, any conflicts in the plaintiff's deposition testimony merely raised an issue of fact for the factfinder to resolve (see Kerzhner v New York City Tr. Auth., 170 AD3d at 983). Since the defendants failed to meet their initial burden as the movants, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are either without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court